## Gaines & Clark *vs* Park & Erskine.

PLT. & SUM.

APPEAL FROM THE SIMPSON CIRCUIT.

*Pleas and pleading. Mistake. Consideration.*

*Case* 65.

JUDGE EWING delivered the opinion of the Court.

*October* 24.

THIS is a petition and summons brought by the appellees against the appellants, in the Court below. An *alias* summons having issued and being served on all the defendants, the abatement as to Edward L. Gaines, on the return of not found, and the quashal of the summons afterwards, as to the other defendants, at a prior term, was not a good ground for pleas in abatement of the suit at a subsequent term, all the parties being again brought before the Court by the service of the *alias* summons. And if it were, the pleas in abatement were waived by the pleas in bar.

*The case stated.*

The correctness of the opinion of the Circuit Court, in sustaining the demurrer to the second plea, is the only question deemed worthy of consideration.

*Plea in bar is a waiver of plea in abatement.*

That plea, in substance, alledges, that the note sued on was given "to secure the payment of the amount which fell due to the plaintiffs upon a settlement of accounts and notes between the parties. And the defendants in fact aver, that the balance was produced against the defendants by mistake, when, upon a correct settlement of their *accounts* nothing was due."

*A plea that the note sued on was given on settlement of notes and accounts, by mistake, as nothing was due on settlement of accounts, not good. Such plea should state facts and grounds of mistake, that the court may determine the sufficiency if true.*

If a plea of mistake in the consideration of a note could be at all made available at law, it should state distinctly the facts and grounds of the mistake, which is not done in this plea. Nor is the plea good as a plea to the consideration of the note as insisted on by the counsel for the appellants. It is obvious that the plea was not intended as a plea to the consideration, as it is not sworn to, nor does it aver distinctly that the note was given without consideration, or other consideration than to secure the balance found due upon the settlement, and if it did, it may be fairly implied from the facts stated,

that the settlement and surrender of notes and execution of receipts against the accounts, which it may be presumed was done, entered into and formed some part of the consideration for the execution of the note. Besides, it is averred that the note was given for the balance found due upon a settlement of *accounts* and *notes* between the parties, when upon a correct settlement of their *accounts* only, nothing was due. This may be true, and yet if *notes* be taken into the settlement, the whole amount of the note sued on may be due.

But though it has been determined by this Court, that when a note has been executed without consideration, a general plea may be good, yet when, as in this case, an attempt is made to show the ground of failure or want of consideration, as that it was given in mistake, on the settlement of notes and accounts, the facts and grounds of mistake should be distinctly stated, so as to enable the Court to determine whether, if true, they form a good bar to the entire action, and so also as to apprise the plaintiff of the grounds of defence, that he may be enabled to meet and counteract the same if untrue.

Judgment affirmed with costs, &c.

*Owsley & Goodloe* for appellants: *Morehead & Reed* for appellees.